UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-cv-10545 |
| v. | ) |
| | ) |
| **Crossroads Shopping Center Investments,** | ) |
| **LLC.,** a Delaware Limited Liability Company, | ) |
| | ) |
| Defendant. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against Crossroads Shopping Center Investments, LLC, a Delaware Limited Liability Company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. §

        1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Crossroads Shopping Center Investments, LLC**, upon information and belief, owns the property located at 1370-1392 S. Main St., Adrian, MI 49221 in Lenawee County, Michigan, which is a shopping center and outbuilding known as "Crossroads Shopping Center." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping center is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On August 22, 2016, December 28, 2016, March 31, 2017 and previous occasions, Plaintiff visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and wheelchair tennis and other activities in Southeast Michigan. Through his involvement in adaptive sports he has established friendships throughout Michigan. Leland Foster frequents many establishments in the Lenawee County region and has been a customer at the Big Lots, Family Farm & Home, and Jet's Pizza located in the shopping center on the property that forms the basis of this lawsuit. During the Plaintiff's visits to Defendant's property he encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to

access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping center, encountered barriers to access at the shopping center, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the shopping center and outbuilding owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Accessible Routes and Parking:**

A. Defendant outbuilding fails to provide accessible routes into its shopping center due to cracks and changes in level in excess of ¼ inch, in violation of the ADA whose remedy is readily achievable.

B. There is no accessible route from the designated accessible parking to Jet's Pizza due to a curb at the terminus of the parking space, a sidewalk with cracks and changes in level, and planters that diminish the width of potential accessible routes and impair use by people who use wheelchairs, inviolation of the ADA whose remedy is readily achievable.

C. Designated accessible parking lacks signage, in violation of the ADA whose remedy is readily achievable.

D. There are designated accessible parking spaces without any signage and none of the shopping center's designated van accessible parking marked with compliant signage, in violation of the ADA whose remedy is readily achievable.

E. Designated accessible parking spaces lack access aisles, in violation of the ADA whose remedy is readily achievable.

F. There are designated accessible parking spaces located at Family Farm & Home and Big Lots that are located on an excess slope and also have cracks and changes in level in excess of ¼ inch, in violation of the ADA whose remedy is readily achievable.

G. There are designated accessible parking spaces without required access aisles in violation of the ADA whose remedy is readily achievable.

H. There are designated accessible parking spaces whose access aisles have ground surfaces with a sewer grate located therein and impairing its use, in violation of the ADA whose remedy is readily achievable.

I. There are retail entrances without an accessible route due to doorway thresholds in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

**Big Lots Restrooms:**

J. There are toilet compartments with missing or non-compliant grab bars in the men's restroom, in violation of the ADA whose remedy is readily achievable.

K. There are amenities mounted in excess of allowable reach range in the men's restroom, in violation of the ADA whose remedy is readily achievable.

L. Accessible toilet compartment doors are not equipped with door pulls on both sides, are not self-closing, and the locking hardware requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

M. The accessible toilet compartment has insufficient clear floor space, in violation of the ADA whose remedy is readily achievable.

N. There is only an ambulatory accessible toilet compartment in the men's restroom, whereas a wheelchair toilet compartment is required, in violation of the ADA whose remedy is readily achievable.

O. The lavatory pipes in the men's restroom are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

P. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA regulations whose remedy is readily achievable.

**Family Farm & Home:**

Access to Goods and Services:

Q. The fitting room door hardware requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

R. The entrance to the fitting room has insufficient latch side clearance, in violation of the ADA whose remedy is readily achievable.

S. The dressing room has insufficient clear floor space and a non-compliant bench, in violation of the ADA whose remedy is readily achievable.

Restrooms:

T. The men's restroom is marked with non-compliant signage, in violation of the ADA whose remedy is readily achievable.

U. There is insufficient latch side clearance to exit the men's restroom, in violation of the ADA whose remedy is readily achievable.

V. There are missing or non-compliant grab bars in the men's restroom toilet compartment, in violation of the ADA whose remedy is readily achievable.

W. The toilet paper dispenser in the men's restroom toilet compartment is not mounted as required, in violation of the ADA whose remedy is readily achievable.

X. The men's restroom toilet compartment has insufficient clear floor space, in violation of the ADA whose remedy is readily achievable.

Y. There is only an ambulatory accessible toilet compartment in the men's restroom, whereas a wheelchair toilet compartment is required, in violation of the ADA whose remedy is readily achievable.

Z. The hook inside the men's restroom toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

AA. The toilet compartment doors in the men's restroom are not self-closing and do not have door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

BB. There are amenities in the men's restroom mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

CC. The mirror inside the men's restroom is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

DD. The paper towel dispenser requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

EE. The urinal is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

  FF. The paper towel dispnser requires tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

  GG. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA regulations whose remedy is readily achievable.

**Policies and Procedures:**

  HH. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The shopping center and outbuilding at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping center accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. Crossroads Shopping Center, a shopping center and outbuilding, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com
*Admitted to the Eastern District of Michigan