UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

          Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

          Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

          Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

          Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**DEFENDANT, FAMILY FARM & HOME,
INC.'S MOTION TO COMPEL
DEFENDANT/CROSS-DEFENDANT,
CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC'S ANSWERS TO
OUTSTANDING INTERROGATORIES
AND TO PRODUCE DOCUMENTS**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

John J. Schutza (P26338)
Stacey J. McDaniel (P77672)
Merry, Farnen & Ryan PC
Attorneys for Family Farm & Home, Inc.
Jschutza@mfr-lw.com; smcdaniel@mfr-law.com
300 Maple Park Blvd., Ste 301
St. Clair Shores, MI 48081
586-541-0114

### DEFENDANT, FAMILY FARM & HOME, INC.'S MOTION TO COMPEL DEFENDANT/CROSS-DEFENDANT, CROSSROADS SHOPPING CENTER INVESTMENTS, LLC'S ANSWERS TO OUTSTANDING INTERROGATORIES AND TO PRODUCE DOCUMENTS

NOW COMES the Defendant, Family Farm & Home, Inc., by and through its counsel, SMITH HAUGEY RICE & ROEGGE and pursuant to Fed. R. Civ. P. 33(b) and 37(a), moves the Court for an order requiring Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC to answer its first set of interrogatories, and to permit the inspection and copying of documents previously requested. In support of this motion Defendant, Family Farm & Home, Inc., shows the Court:

1.      On or about September 17, 2018, Defendant, Family Farm & Home, Inc., served on Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC its First Set of Interrogatories in writing pursuant to Fed. R. Civ. P. 33, copies of which are attached and made a part of this motion. See attached **Exhibit 1**.

2.      On or about September 17, 2018, Defendant, Family Farm & Home, Inc., served on Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC its First Request for Production of Documents in writing pursuant to Fed. R. Civ. P. 34, copies of which are attached and made a part of this motion. See attached **Exhibit 2**.

3.      On or about October 16, 2018, Defendant, Family Farm & Home, Inc., by its

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

counsel sent Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC's counsel a letter in an effort to avoid this motion, however no response to the letter has been received. See attached **Exhibit 3**.

4.      Such interrogatories and requests for production of documents were made in good faith and the information sought is essential to resolve issues related to liability.

5.      Defendant, Family Farm & Home, Inc., has in good faith attempted to confer with Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC's counsel in an effort to secure the information without court action, but such effort was unproductive, as is more fully shown by the attached Affidavit of Kevin B. Even sworn to on November 1, 2018. See attached **Exhibit 4**.

6.      Defendant, Family Farm & Home, Inc.'s counsel further moves, pursuant to Fed. R. Civ. P. 37(a)(5), that Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC be required to pay to Defendant, Family Farm & Home, Inc., the reasonable expenses, including attorney's fees, all totaling Three Hundred Fifty Dollars ($350.00) incurred by Defendant, Family Farm & Home, Inc., in bringing this motion.

THEREFORE, Defendant, Family Farm & Home, Inc., moves for an order requiring Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC to answer the interrogatories and produce requested documents within fifteen (15) days.

Dated: November 2, 2018

/s/ Kevin B. Even
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on Fri, Nov 2, 2018 I filed the foregoing paper with the Clerk of the

Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Kevin B. Even
Kevin B. Even (P38599)
keven@shrr.com
Attorney for Family Farm & Home, Inc.
900 Third St., Suite 204
Muskegon, MI 49440
231-724-4320

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4452845.v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

       Plaintiff,                            CASE NO.  2:18-CV-10545-SFC-RSW

v

                                       HON. SEAN F. COX

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

       Defendant and Cross Defendant,        **DEFENDANT, FAMILY FARM & HOME,**

And                                     **INC.'S BRIEF IN SUPPORT OF ITS**
                                       **MOTION TO COMPEL**
BIG LOTS STORES, INC., an Ohio Corporation for     **DEFENDANT/CROSS-DEFENDANT**
Profit,                                       **CROSSROADS SHOPPING CENTER**
                                       **INVESTMENTS, LLC'S ANSWERS TO**
       Defendant,                       **OUTSTANDING INTERROGATORIES**
                                       **AND TO PRODUCE DOCUMENTS**
And

FAMILY FARM & HOME, INC., a Michigan
Corporation for Profit

       Defendant.

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**DEFENDANT, FAMILY FARM & HOME, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT/CROSS-DEFENDANT CROSSROADS SHOPPING CENTER INVESTMENTS, LLC'S ANSWERS TO OUTSTANDING INTERROGATORIES AND TO PRODUCE DOCUMENTS**

## I.  INTRODUCTION:

Defendant, Family Farm & Home, Inc. ("FFH"), seeks to compel answers to interrogatories served upon Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC ("Crossroads") and to compel Crossroads to produce documents for inspection and copying of documents previously requested.

## II.  STATEMENT OF FACTS:

The facts here are straight forward.  On September 17, 2018, FFH served Crossroads with its First Set of Interrogatories in writing pursuant to Fed. R. Civ. P. 33, copies of which are attached and made a part of this motion to compel.  See attached **Exhibit 1** attached to FFH's motion to compel. Also on September 17, 2018, FFH served on Crossroads its First Request for Production of Documents in writing pursuant to Fed. R. Civ. P. 34, copies of which are attached and made a part of this motion to compel.  See **Exhibit 2** attached to FFH's motion to compel.

Not having received timely answers and responses to the above discovery requests counsel for FFH sought in good faith to obtain the discovery without filing a motion to compel. On October 16, 2018, FFH's counsel sent Crossroad's counsel a letter, in good faith, to avoid having to bring this matter to the Court's attention.  No response to the letter has been received. See **Exhibits 3** and **4** attached to FFH's motion to compel.

FFH's counsel sought to obtain Crossroads concurrence to FFH's motion co compel without success.  See **Exhibit 4** attached to FFH's motion to compel.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## III.   LEGAL ANALYSIS:

If the party receiving discovery requests under Fed. R. Civ. P. 33 or 34 fails to respond

properly,  Fed. R. Civ. P.37 provides the party who sent the discovery the means to file a motion

to compel. Fed. R. Civ. P. 37(a)(3)(B). _Watrobski v FCA US, LLC_, No. 16-CV-11632, 2017 WL

4073955, at *2 (ED Mich, September 14, 2017).

> On notice to other parties and all affected persons, a party may move for an order
> compelling disclosure or discovery. The motion must include a certification that
> the movant has in good faith conferred or attempted to confer with the person or
> party failing to make disclosure or discovery in an effort to obtain it without court
> action.
>
> Fed. R. Civ. P. 37 (a)(1)
>
> A party seeking discovery may move for an order compelling an answer,
> designation, production, or inspection. This motion may be made if:
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be
> permitted -- or fails to permit inspection -- as requested under Rule 34.
>
> Fed. R. Civ. P. 37 (a)(3)(B)(iii), (iv).
>
> If the motion is granted--or if the disclosure or requested discovery is provided
> after the motion was filed--the court must, after giving an opportunity to be heard,
> require the party or deponent whose conduct necessitated the motion, the party or
> attorney advising that conduct, or both to pay the movant's reasonable expenses
> incurred in making the motion, including attorney's fees.
>
> Fed. R. Civ. P. 37 (a)(5)(A).

The analysis here is straight forward.  Discovery requests were timely sent by FFH but

ignored by Crossroads.  No answers have been received, and no documents were provided by

Crossroads.  Despite a good faith effort having been made by FFH to obtain answers and

responses, Crossroads has continued to ignore the discovery requests.  An order should be

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4458099.v1

entered compelling Crossroads to provide answers and responses and FFH should be awarded it

reasonable expenses and attorney's fees.


Dated: November 2, 2018                     /s/ Kevin B. Even
                                            Kevin B. Even (P38599)
                                            SMITH HAUGHEY RICE & ROEGGE
                                            Attorneys for Family Farm & Home, Inc.
                                            keven@shrr.com
                                            900 Third St., Ste 204
                                            Muskegon, MI 49440
                                            231-724-4320


## **CERTIFICATE OF SERVICE**

I hereby certify that on Fri, Nov 2, 2018 I filed the foregoing paper with the Clerk of the

Court using the ECF system which will send notification of such filing to the attorneys of record.

                                            /s/ Kevin B. Even
                                            Kevin B. Even (P38599)
                                            keven@shrr.com
                                            Attorney for Family Farm & Home, Inc.
                                            900 Third St., Suite 204
                                            Muskegon, MI 49440
                                            231-724-4320

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4458099.v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

          Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

          Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

          Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

          Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**DEFENDANT/CROSS-CLAIMANT,
FAMILY FARM & HOME, INC.'S FIRST
SET OF INTERROGATORIES TO
DEFENDANT/CROSS -DEFENDANT
CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**TO:**      Crossroads Shopping Center Investments, LLC
**FROM:**   Family Farm & Home, Inc.
**SET NO:**  First

## DEFENDANT/CROSS-CLAIMANT, FAMILY FARM & HOME, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT/CROSS -DEFENDANT CROSSROADS SHOPPING CENTER INVESTMENTS, LLC

NOW COMES, Defendant/Cross-Claimant, Family Farm & Home, Inc., and requests that Defendant/Cross -Defendant, Crossroads Shopping Center Investments, LLC answer all of the following interrogatories, in writing and under oath, as required by Rule 33 of the Federal Rules of Civil Procedure. According to Rule 33, a copy of your written response to these interrogatories must be served on Kevin B. Even, the attorney for Family Farm & Home, Inc., at the address listed in this document.

### INSTRUCTIONS

1.      If any of these interrogatories cannot be answered in full, then you should answer to the extent possible and specify the reasons for your inability to answer the remainder.

2.      The relevant time period of these interrogatories is from January 2015 to the present and shall include all information which relates or refers to this period, unless another time or period of time is specifically referred to in an interrogatory.

3.      The person or persons answering these interrogatories must furnish such information as is known or is available to him/her upon reasonable investigation regardless of whether you obtained this information directly, or whether this information was obtained by and made known to you by any of your attorneys or other agents or representatives.

4.      If you object to any part of an interrogatory, state precisely your objection and answer, to the best of your ability, the remaining portion of that interrogatory. If any discovery request is objected to as inquiring into privileged matter, set forth fully in the objection the facts upon which you base your objection. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory within what you believe is the appropriate scope for the appropriate time period.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRRM417152.v1

5. If you discover new information, you are obligated to supplement your responses to these interrogatories in accordance with the Court's Case Management Order or discovery plan agreed to by the parties.

6. Unless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

7. If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based, and identify the information objected to by furnishing its date, participants (*e.g.*, names of speakers, authors, addresses) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the information objected to contains relevant non-objectionable matter, you should disclose it.

8. If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

9. Where knowledge, information or documents are requested such request encompasses knowledge, information or documents in your possession, custody or control or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

10. Pursuant to FRCP 26(e) you are under a duty to amend in a timely manner any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

11. For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information or any part thereof has been disclosed.

12. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost or is otherwise unavailable, identify each such document by author, addressee, date, number of pages and subject matter; and explain in detail the events leading to the destruction or loss or the reason for the unavailability of such document.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-3-

13.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.   The use of the singular includes the plural and vice versa.

15.   The use of one gender includes all others, appropriate in the context.

## DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

A.   "You," "your," "yourself", "Cross-Defendant" or "Crossroads" means or refers to Crossroads Shopping Center Investments, LLC and any person acting or purporting to act on Crossroads Shopping Center Investments, LLC's behalf.

B.   "Document" or "documents" means any writing of any kind, including originals and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electric records or representations of any kind, or which you have knowledge or which are now or were formally in your actual or constructive possession, custody or control. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

C.   "Lease" shall mean the lease entered into on or about the 24th day of February 2014 between Crossroads and Family Farm & Home, Inc., for the purpose of operating a retail store.

D.   "Demised Premises" shall mean the approximately 32,000 square feet of that certain building as more particularly described in Exhibit B to the Lease.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

E.    "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories are addressed, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman or otherwise. Without limitation on the term "control" a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

F.    "Relates to" means supports, evidences, describes, mentions, refers to, contradicts or comprises.

G.    "Any" means one or more.

H.    "Communication" means any disclosure, transfer or exchange of information or opinion however made.

I.    The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

J.    "Identify" or "identity" means to state or a statement of:

1.    In the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number(s), its email address(es) and the name of its Chief Executive Officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that other person's principal place of business (including zip code), that other person's telephone number(s), that other person's email address(es) and the name of that other person's Chief Executive Officer;

2.    In the case of a natural person, his or her name, business address and telephone number(s), email address(es), employer and title or position;

3.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed; and

4.    In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation and its number of pages.

K.    "Including" means including, but not limited to.

L.    "Person" means any natural person, corporation, company, partnership, joint

venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

M.     "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing or referring, alluding or pertaining to in whole or in part.

N.     "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

O.     "Statement" means a communication or declaration in speech or writing, setting forth facts, particulars, opinions, comments or conduct intended as an assertion.

P.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## INTERROGATORIES

**INTERROGATORY NO. 1.**  Please identify each and every event that you contend constitutes a default by Family Farm & Home, Inc., of any term of the Lease.

**ANSWER:**

**INTERROGATORY NO. 2.**  Please identify every term of the Lease that provides the Demised Premises were not to be delivered to Family Farm & Home, Inc., in accordance with paragraph 2 of the Lease.

**ANSWER:**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4417152.v1

**INTERROGATORY NO. 3.** Please identify every person who has knowledge of information that Family Farm & Home, Inc., made any modification to any portion of the Demised Premises that is now at issue in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4.** Please identify all evidence including all documents probative of Family Farm & Home, Inc., having made any modification to any portion of the Demised Premises that are now at issue in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5.** Please identify all evidence including identity of every eyewitness who can provide testimony and all documents that are probative of any claim that Family Farm & Home, Inc., made any modification to any portion of the Demised Premises so as to not satisfy any requirement of the Americans with Disability Act.

**ANSWER:**

Date: _____, 2018

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC

By: _____
Its: _____

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4417152.v1

Acknowledged and sworn to before me in the County of _____, State of _____ on the ____ day of _____ 2018, by _____ _____.

_____, Notary Public
County of _____, State of _____
My Comm. Expires: _____
Acting in the County of _____

DATED: September 17, 2018

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-8-

SHRR\4417152.v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

           Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

           Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

           Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

           Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**PROOF OF SERVICE**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4455256.v1

## PROOF OF SERVICE

The undersigned certifies that on September 17, 2018 she served a copy of Defendant/Cross-Claimant, Family Farm & Home, Inc.'s First Set of Interrogatories and First Request for Production of Documents to Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC upon the attorneys of record of all parties to the above action and to all parties appearing in pro per by mailing the same to them at their respective email addresses as disclosed by the pleadings of record herein.

Lisa M. Klein

**Klein, Lisa M.**

| | |
|---|---|
| **From:** | Klein, Lisa M. |
| **Sent:** | Monday, September 17, 2018 12:24 PM |
| **To:** | 'dunnlawoffice@sbcglobal.net'; 'valeriefatica@gmail.com'; 'jwhenke@aol.com' |
| **Subject:** | 09-17-18 FFH_s First Request for Production of Documents to Crossroads.PDF; 09-17-18 FFH_s First Set of Interrogatories to Crossroads.PDF |
| **Attachments:** | 09-17-18 FFH_s First Request for Production of Documents to Crossroads.PDF; 09-17-18 FFH_s First Set of Interrogatories to Crossroads.PDF |

Please see attached for your information and review.

THANK YOU.

LISA

LISA M. KLEIN | LEGAL ASSISTANT
SMITH HAUGHEY RICE & ROEGGE
Direct Phone: 231-724-4321 | E-mail: lklein@shrr.com

900 3rd St., Ste 204 | Muskegon, MI 49440
Phone 231-724-4320 Fax 231-724-4330 | www.shrr.com



1

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

        Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

        Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

        Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

        Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**DEFENDANT/CROSS-CLAIMANT,
FAMILY FARM & HOME, INC.'S FIRST
REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT/CROSS -
DEFENDANT CROSSROADS SHOPPING
CENTER INVESTMENTS, LLC**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

TO:        Crossroads Shopping Center Investments, LLC
FROM:   Family Farm & Home, Inc.
SET NO: First

### DEFENDANT/CROSS-CLAIMANT, FAMILY FARM & HOME, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/CROSS - DEFENDANT CROSSROADS SHOPPING CENTER INVESTMENTS, LLC

NOW COMES, Defendant/Cross-Claimant, Family Farm & Home, Inc., and requests pursuant to FRCP 34, that Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC serve a written response to the following requests for production of documents within thirty (30) days of the service hereof, and to produce for inspection and copying the documents requested below on October 15, 2018, at 9:00 am at the law offices of SMITH HAUGHEY RICE & ROEGGE, 900 Third St., Ste 204, Muskegon, MI 49440.

### INSTRUCTIONS

1.     Pursuant to FRCP Rule 34 Family Farm & Home, Inc., acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and requests that when Crossroads Shopping Center Investments, LLC is unable to produce certain documents because they fall outside of such scope, Crossroads Shopping Center Investments, LLC will provide a brief explanation as to the reason why the documents fall outside the scope of the request.

2.     If certain requests are duplicative of previous requests to which documents have already been produced, Crossroads Shopping Center Investments, LLC need not reproduce such documents but is requested to notify Family Farm & Home, Inc., that such documents are among those already produced.

3.     Pursuant to FRCP Rule 34(b)(2)(E), Family Farm & Home, Inc., requests that when Crossroads Shopping Center Investments, LLC does produce the requested documents

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-2-

SHRRM417255.v1

Crossroads Shopping Center Investments, LLC will produce such documents as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request for production of electronic documents.

4.    Family Farm & Home, Inc., requests that Crossroads Shopping Center Investments, LLC make a good faith effort to produce any and all requested documents that are readily ascertainable.

**REQUESTS**

**Request No. 1:**  All documents identified in response to interrogatories served contemporaneously herewith.

**RESPONSE:**


**Request No. 2:**  All documents sought to be admitted into evidence by you at the time of trial.

**RESPONSE:**


DATED: September 17, 2018

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

        Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

        Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

        Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

        Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**PROOF OF SERVICE**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4455256.v1

## PROOF OF SERVICE

The undersigned certifies that on September 17, 2018 she served a copy of Defendant/Cross-Claimant, Family Farm & Home, Inc.'s First Set of Interrogatories and First Request for Production of Documents to Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC upon the attorneys of record of all parties to the above action and to all parties appearing in pro per by mailing the same to them at their respective email addresses as disclosed by the pleadings of record herein.

Lisa M. Klein

SHRR\4455256.v1

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Klein, Lisa M.**

| | |
|---|---|
| **From:** | Klein, Lisa M. |
| **Sent:** | Monday, September 17, 2018 12:24 PM |
| **To:** | 'dunnlawoffice@sbcglobal.net'; 'valeriefatica@gmail.com'; 'jwhenke@aol.com' |
| **Subject:** | 09-17-18 FFH_s First Request for Production of Documents to Crossroads.PDF; 09-17-18 FFH_s First Set of Interrogatories to Crossroads.PDF |
| **Attachments:** | 09-17-18 FFH_s First Request for Production of Documents to Crossroads.PDF; 09-17-18 FFH_s First Set of Interrogatories to Crossroads.PDF |

Please see attached for your information and review.

THANK YOU.

LISA

LISA M. KLEIN | LEGAL ASSISTANT
SMITH HAUGHEY RICE & ROEGGE
Direct Phone: 231-724-4321 | E-mail: lklein@shrr.com

900 3rd St., Ste 204 | Muskegon, MI 49440
Phone 231-724-4320 Fax 231-724-4330 | www.shrr.com



SMITH HAUGHEY
RICE & ROEGGE
ATTORNEYS AT LAW

# EXHIBIT 3



## SMITH HAUGHEY
### RICE & ROEGGE
ATTORNEYS AT LAW

900 Third Street, Suite 204
Muskegon, MI 49440
Phone: 231-724-4320  Fax: 231-724-4330

**Kevin B. Even**
Direct:231-724-4336
keven@shrr.com

October 16, 2018

Mr. John W. Henke, III                    VIA EMAIL: jwhenke@aol.com
Law Offices of John W. Henke, III
29800 Telegraph Rd.
Southfield, MI 49034

RE:   Leland Foster vs Family Farm & Home, Inc., et al.
      Case No: 2:18-cv-10545-SFC-RSW

Dear Mr. Henke:

This letter is an attempt to avoid the necessity of a Motion to Compel.  As you know, responses to Family Farm & Home, Inc.'s First Set of Interrogatories and Request for Production of Documents were due to be served on October 15, 2018.  As of this date, neither have been received.

Please let me know if there is some reason why the discovery requests have not been answered. Your answers are instrumental if we are going to get this matter settled.  I look forward to complete responses.

Sincerely,

Kevin B. Even

KBE:lmk
cc: Client

## Klein, Lisa M.

| | |
|---|---|
| **From:** | Klein, Lisa M. |
| **Sent:** | Tuesday, October 16, 2018 3:27 PM |
| **To:** | 'jwhenke@aol.com' |
| **Subject:** | 10-16-18 KBE to John Henke - outstanding discovery responses.PDF |
| **Attachments:** | 10-16-18 KBE to John Henke - outstanding discovery responses.PDF |

Please see attached for your information and review.


THANK YOU.

LISA

LISA M. KLEIN | LEGAL ASSISTANT
SMITH HAUGHEY RICE & ROEGGE
Direct Phone: 231-724-4321 | E-mail: lklein@shrr.com

900 3rd St., Ste 204 | Muskegon, MI 49440
Phone 231-724-4320 Fax 231-724-4330 | www.shrr.com



SMITH HAUGHEY
RICE & ROEGGE
ATTORNEYS AT LAW

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

        Plaintiff,

v

CROSSROADS SHOPPING CENTER
INVESTMENTS, LLC, a Delaware Limited Liability
Company,

        Defendant/Cross-Defendant,

and

BIG LOTS STORES, INC., an Ohio Corporation for
Profit,

        Defendant,

and

FAMILY FARM & HOME, INC., a Michigan
Corporation

        Defendant/Cross-Claimant,

CASE NO.  2:18-CV-10545-SFC-RSW

HON. SEAN F. COX

**AFFIDAVIT OF KEVIN B. EVEN**

---

Owen B. Dunn, Jr. (P66315)
Valerie J. Fatica (0083812)
Law Office of Owen B. Dunn, Jr.
Attorneys for Leland Foster
The Ottawa Hills Shopping Center
dunnlawoffice@sbcglobal.net;
valeriefatica@gmail.com
4334 W. Central Ave., Ste 222
Toledo, OH 43615
419-241-9661

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Family Farm & Home, Inc.
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

John W. Henke, III (P39294)
Law Offices of John W. Henke, III
Attorneys for Crossroads Shopping Center
Investments, LLC
jwhenke@aol.com
29800 Telegraph Rd.
Southfield, MI 48034
248-353-6500

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4457819.v1

John J. Schutza (P26338)
Stacey J. McDaniel (P77672)
Merry, Farnen & Ryan PC
Attorneys for Family Farm & Home, Inc.
Jschutza@mfr-lw.com; smcdaniel@mfr-law.com
300 Maple Park Blvd., Ste 301
St. Clair Shores, MI 48081
586-541-0114

### AFFIDAVIT OF KEVIN B. EVEN

Kevin B. Even being first duly sworn states as follows:

1.      I have personal knowledge of the facts stated herein.

2.      If sworn as a witness I can competently testify to the facts stated herein.

3.      On September 17, 2018, I submitted requests to produce documents and request to answer interrogatories to Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC.

4.      On October 16, 2018, I wrote to Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC's counsel seeking responses to the two discovery requests in an effort to avoid a motion to compel.  To date the discovery has not been responded to and nor response to the letter has been received.

5.      On October 30, 2018, by way of the attached email I forwarded a copy of Defendant, Family Farm & Home, Inc.'s motion to compel to John Henke, counsel for Defendant/Cross-Defendant, Crossroads Shopping Center Investments, LLC asking if he would concur with the motion to compel. See attached **Exhibit A.**

6.      Later in the day on October 30, 2018, Mr. Henke called me to discuss the email that I had sent, however Mr. Henke did not indicate his concurrence with the motion to compel, nor did he indicate whether he would be responding to the discovery requests.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-2-

SHRR\4457819.v1

7.      I can certify to the Court that the foregoing efforts were made in good faith and in an attempt to avoid Defendant, Family Farm & Home, Inc.'s motion to compel.


Further, Affiant sayeth not.


Dated: November 1, 2018

Kevin B. Even

Acknowledged and sworn to before me in the County of Muskegon, State of Michigan on the 1st day of November 2018 by Kevin B. Even.

Lisa M. Klein, Notary Public
County of Muskegon, State of Michigan
My Comm. Expires: 10/26/19
Acting in the County of Muskegon

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

-3-

SHRR\4457819.v1

## Even, Kevin B.

| | |
|---|---|
| **From:** | Even, Kevin B. |
| **Sent:** | Tuesday, October 30, 2018 11:12 AM |
| **To:** | jwhenke@aol.com |
| **Subject:** | Motion to Compel Answers.DOCX |
| **Attachments:** | Motion to Compel Answers.pdf |

John, please let me know if will concur with the attached motion.  Best -- Kevin

KEVIN B. EVEN | ATTORNEY

SMITH HAUGHEY RICE & ROEGGE

Direct Phone: 231-724-4336 | E-mail: keven@shrr.com

900 3rd St., Ste 204 | Muskegon, MI 49440

Phone 231-724-4320 Fax 231-724-4330 | www.shrr.com



